IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BROTHERHOOD MUTUAL INSURANCE COMPANY

    Plaintiff/ Counterdefendant,

vs.                                                            No. CIV 00-415 MV/ LFG

ALLSTATE INSURANCE COMPANY,

    Defendant/Counterclaimant..

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court for consideration of (1) Plaintiff/ Counterdefendant Brotherhood Mutual Insurance Company's motion for summary judgment and (2) Defendant/Counterclaimant's Allstate Insurance Company's motion for summary judgment. The Court, having considered the motions, responses, relevant law, and being otherwise fully advised, finds that Brotherhood Mutual's motion for summary judgment is well-taken and will be **GRANTED**, and Allstate's motion for summary is not well-taken and will be **DENIED**.

**BACKGROUND**

The following are the stipulated material undisputed facts [1]: Gail Sattler, a youth committee "adult leader," with the First United Presbyterian Church, while returning from a church-sponsored

---

[1] The Court accepts as undisputed all facts admitted by both parties and all facts for which no competent contrary evidence has been presented by the opposing party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

mission in San Diego, California, and driving her own 1992 Toyota minivan northbound on I-25 near Truth or Consequences, New Mexico, got into a car accident.  Three members of the church youth group were in her van, Jenny Sattler, Laura Heise and Desiree Davis.  The accident occurred because extremely strong cross winds forced the Sattler van into the median.  As Mrs. Sattler attempted to bring the car under control, the left front tire of the van deflated, causing the vehicle to roll 1 ½ times.  Desiree Davis was seriously injured as a result of the accident.  Liability for the accident has been assessed at 100% on Mrs. Sattler for failure to keep her vehicle under control.  Ms. Davis has made a claim against the Sattlers to recover for her injuries and damages sustained in the accident.

Mrs. Sattler's van is insured by Allstate Insurance Company.  The personal auto policy issued to Mrs. Sattler and her husband provides liability limits in the amount of $100,000 per person and $300,000 per accident.  Allstate agreed that the personal auto policy issued to the Sattlers is primary for this loss.  They paid their $100,000 policy limits to Ms. Davis.  In addition, the auto policy had a medical payment limit of $2,000 which was also paid to Ms. Davis.  However, the claim made by Ms. Davis for injuries sustained in the accident exceeds $100,000, the limits of Allstate's personal auto policy.

There are two potential additional sources of compensation for Ms. Davis.  One is Allstate's excess or umbrella policy with coverage limits of $1,000,000 ("Allstate Umbrella" policy).  The other is an insurance policy provided by Brotherhood Mutual Insurance Company to First United Presbyterian Church, under a "Crown Plus" policy that provides general Commercial Liability Coverage in the amount of $1,000,000 ("Brotherhood Crown Plus" policy).  The Brotherhood policy provides coverage for liability arising from the use of a non-owned vehicle in excess over other available coverage.  The conflict in this case is first whether the Brotherhood Crown Plus policy

2

applies to Ms. Davis' claims against Ms. Sattler, and if so, which excess policy must pay Ms. Davis' claims in excess of the $100,000 already paid by Allstate's personal auto policy.

## STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by

3

demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case.  *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

## DISCUSSION

A federal court sitting in a diversity action must apply the substantive law of the state in which it sits. *See Boyd Rosene and Assoc., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115  (10th Cir. 1999). If there is no ruling by the state's highest court, then the federal court must "apply what they find to be the state law after giving 'proper regard' to the relevant rulings of other courts of the state." *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967); *see also Duke v. Grady Mun. Schools*, 127 F.3d 972, 978 (10th Cir. 1997).  When state law is unclear, the federal court must predict how the state's highest court would resolve the issue. *See Armijo v. Ex. Cam., Inc.*, 843 F.2d 406, 407 (10th Cir. 1988).  In doing so, the federal court should consider "decisions of other states, and the general weight and trend of authority."  *Id.* at 407.

The Brotherhood Crown Plus policy provides coverage for "all sums which a covered person becomes legally obligated to pay as damages due to bodily injury or property damage to which this coverage applies."  Brotherhood Crown Plus policy at 2. Brotherhood Mutual argues that Mrs. Sattler is not a "covered person" under their policy. The definition for "covered person" is:

> Covered person means you; and your leaders while acting on your behalf and within the scope of their delegated authority.  Covered person also includes the authorized

4

operator of your rented vehicle, but does not include the vehicle owner or any other operator of a nonowned vehicle.

Brotherhood Crown Plus Policy at 1. The "you" and "your" refers to First United Presbyterian Church. In order "Leaders" is defined by the policy as:

...a person (whether or not a director or officer) while serving as a member of your governing board, or your administrator, director, officer or trustee, but only if acting on your behalf and within the scope of their delegated authority as such.

Brotherhood Crown Plus policy, Definitions. "Unambiguous insurance contracts must be construed in their usual and ordinary sense unless the language of the policy requires something different." *Safeco Ins. Co. of Am. v. McKenna*, 565 P.2d 1033, 1037 (N.M. 1977) (citing cases). While it is true, as Allstate points out, that if an ambiguity is found in the language of the contract, then it should be construed liberally in favor of the insured, *see id.*, this applies only when the language is ambiguous. The Court finds that the language in the policy is not ambiguous. Mrs. Sattler is not a "covered person" under Brotherhood Mutual's policy.

Both Allstate and Brotherhood Mutual agree that there are two categories of people who are "covered person"s under Brotherhood Mutual's policy. The first is "leaders"; the second is authorized operators of a rented vehicle. Mrs. Sattler fits neither of these categories. Contrary to Allstate's assertions, Mrs. Sattler is not a "leader" as defined by the policy. A "leader" is specifically defined as "a person (whether or not a director or officer) while serving as a member of your governing board, or your administrator, director, officer or trustee." Brotherhood Mutual asserts, and Allstate does not dispute, that Mrs. Sattler was not a leader within the church, but was a group leader, more like a chaperone, for the particular youth mission in San Diego. There is no contention that Mrs. Sattler is on the church's governing board, that she is a director, officer or trustee of the

church.  Allstate attempts to liken Mrs. Sattler's responsibilities for the youth mission to an administrator.  The Court finds that Mrs. Sattler's duties for the youth mission cannot be characterized as an "administrator."  Moreover, the Court finds that "administrator" in the definition of "leader" refers to a general position within the church, not a description of a church member's duties for a singular church outing.  While Mrs. Sattler is referred to as an "adult leader" of a youth group mission, this does not mean that she is a leader within the meaning of Brotherhood Crown Plus policy's definition. Therefore, the Court finds that as a matter of law Mrs. Sattler is not a "covered person" under the Brotherhood Crown Plus Policy, and therefore Brotherhood Mutual has no liability for Ms. Davis' claims against Mrs. Sattler for the June 7, 1998 accident.

Because the Court finds that Mrs. Sattler is not a "covered person" under the Brotherhood Crown Plus policy, it need not decide whether Exclusion 11 applies.  Further, because the Court finds that Mrs. Sattler is not a "covered person" under the Brotherhood Crown Plus policy, Brotherhood Mutual need not contribute pro rata to compensate Ms. Davis for her claims.  Allstate must pay Ms. Davis the remaining amount of her claims, up to $1,000,000, out of the Allstate Umbrella policy issued to the Sattlers.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Brotherhood Mutual's Motion for Summary Judgment is hereby **GRANTED;** Allstate's motion for Summary Judgment is hereby **DENIED**.

**DATED** this 21st day of December, 2000.

_____
Martha Vázquez
U. S. District Judge

<u>Attorney for Plaintiff/ Counterdefendant</u>
    Terry R. Guebert

<u>Attorney for Defendant/ Counterclaimant</u>
    Stephen M. Simone